January 5, 2015

27,716-70

To THE HONORABLE CLERK OF COURT
   Mr. ABEL ACOSTA
COURT OF CRIMINAL APPEAL(S)
   P.O. BOX 12308
   CAPITOL STATION
   AUSTIN, TX. 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 09 2015

Abel Acosta, Clerk

RE: CAUSE NO. 940098-G

Dear Clerk,

Please find herewith enclosed reference
to the November 12th 2014 Trial court and
clerk who entered transmitting Records
forwarded to this Court.

In support of the APPLICANT FORM, THREE GROUNDS,
and SEPARATE MEMORANDUM also submits this
eight page(s) For SUBMISSION REQUESTED entitled.

Thanking you Kindly.


Sincerely,

_____/Rennie Bazile_____
RENNIE BAZILE (True Name)
RENNIE ATKEN (Known Court Name)

NO._____

(Trial court No. 9400987-G)

---

IN THE

COURT OF CRIMINAL APPEAL(S)

AUSTIN, TEXAS

---

EX PARTE AARON, RONNIE
(Court Known Name)

RONNIE BAZILE
(True Name)
       (Applicant)
VS.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE-
INSTITUTIONAL DIVISION,
EXECUTIVE DIRECTOR BRAD LIVINGSTON
(Respondents)

---

(1.)

TO THE HONORABLE JUSTICES OF THE COURT:

Appellant respectfully submit this Motion for Leave Brief in reference to the Trial Habeas Court docket No. 940098T-G Respondent's Proposed Findings of Fact and Order November 12, 2014 transmitted to this court, and upon review request setting Submission the decision be reversed.

## JURISDICTION

This is an appeal Pursuant to Rule 73, Post Conviction Writ of Habeas Corpus.

## STATEMENT OF THE ISSUE(S)

Appellant submitted to the Trial Court an Application on a 11.07 completed Form requesting also an 11.09 Trial Court Records Transfer, as prescribed by law, pursuant to the Retroactive Separation of Power Clause, Tex. Const. art. 1181, Contended Three Grounds on Form, p. 1-18, and Separate Memorandum of Facts and Law(s) 19-34, in which the original Trial Court no longer has valid competent 11.07 Provision Statutorial jurisdiction bound by law(s).

Appellant contends that reflecting from the Trial Court patent records a trial counsel breached Six Amendment required State Remedies Exhaustions violation(s), court's cited retroactive precedent(s) affirmative evidence would impair and affects Original court's jurisdictions requiring jury instruction(s) safeguard against substantial prejudicial harm(s) affecting State Appellate Rights upon statutorial Provisions within new law(s) changes, was denied an evidentiary hearing, a bound by law judicial bench removal, and an Anti-Bias State Available remedy exhaustion review.

## STATEMENT OF THE CASE

State Respondent's scandelous abusive filing(s) falsified a Non-Compliance by Form, Rule 73.1 constituting fraudulent and friveless manipulations in prestige expertise retaliation(s) against Applicant Victim status, tampering with government records, makes bad-faith response using declared statutorial changed legislative law(s) ban(ned) as no longer constitutional allegedly "weighing less than (28) grams" on Trial records resting upon a 1993-94 1.4 milligram residue testing(s), Act of May 29, 1993, 73rd Leg. R.S. ch. 900 § 4.01, and Act of June 7, 1995, 74th Leg. R.S. ch. 318 § 60, 1995,

(3).

used two(2) enhanced no longer valid, a late filed direct appeal uncounsel breached exhaustion ruled on retroactive TRAP-amendment, and prior applications without any examination of affirmative findings Claims merits on evidentiary hearings in which can not be employed against state remedies available exhaustion(s), also bound by retroactive laws, and a Form non-compliance as abuse tastical bad-faith filing advantage; see State Answer, p. 1-2.

## EN BANC
## CONSTITUTIONALITY OF REVIEW

Initially, the unlawful jury instruction(s) were never given option(s) to determine lesser included classified statuterial offense due to the becoming new legislative declared change laws to safeguard substantial due process law Rights on a Trial Court retaliatory returned reindictment cause No. 9400987/671212 to preserve equal access to a fair competent state Remedy Appellate Exhaustion(s) since Appl. cause No. 9400987-A were deprived by prosecutor(s) violated laws and ethics rules, and bias judicial bench who failed to carry

(4).

out the obligatory judicial duties, the function of judiciary to interpret those laws, probe and interpret the reflecting records, and the Constitutional analysis in determining competent State Remedy Appellate available exhaustion(s) jurisdiction(s) was malicious egregious harms prolonged gross coerced compelling a wrongly convicted and sentence to sustain unconstitutional loss of liberty unwanted non-counsel state remedy collateral(s) upon an unconstitutional statuterial jurisdiction in cases no longer an 11.07 provision originating with the Court of Criminal Appeals subject to an 11.09 Provision Trial Court Records State Full Available Remedies Appellate Competent Judicial Court Review Transfer, also entitled Court Reporter, and counsel (see Vernon's Ann C.C.P. Sec-40.09 §), See Grounds One, Two, and Three, and Separate Memorandum.

Prosecutor and Judicial bias motivated over a scandelous tainted possession of a controlled substance trial resting upon a 1.4 milligram rinsed residue patent trial court records, also reflecting where a trial court breached counsel affirmative

(5).

findings revealing evidence constituting proper remedy assignment of new appellate state available remedy, counsel, and competent court jurisdiction(s) reprosecuting was made retroactive by court's precedent(ing(s) held on Six Amendment cases, such revealings that would automatically compel trial court duly oath rendering original felony classified statutory offense otherwise unlawful; also, upon an 11.07 provision because the effective date changes in law(s) would apply, also due to the pending new trial and notice of appeal within the legislative statuterial changing provisions, that would included unlawful state custody incarceration restraint, were unjust gross miscarriage of justice against the wrongly convicted victim, where prosecuter(s) and judicial racial-bias was a favor in depriving Rights since first Appl. Cause No. 9400937-A-F in violations of the Racial Act and Fair Defense Act.

In the decision of Sims v. Adoption Alliance, 922 S.W. 2d 213, provides when effective date of the enacted legislative changing law(s) would apply to a pending case(s) affected, that includes, retroactive constitutionality, also despite of their innocence, guilt, or plead bargain(s)- Question: could this have been

(6).

the legal historical reason since first Appl.
Cause No. 9400987-A the State Judicial Court's
in one of the most rare statistics of cases
would absence its duly judicial roles of
obligatory responsibility to see that justice
is done, also at the earliest initial time
equally entitled as similar instance
cases, counselled, exhausted liken John Joseph
v. State 866 s w 2d 281, Joe Rene Elizondo, v. State
941 s w. 2d 202, other(s) prior to the TRAP-amend-
ment cited in the revealing affirmative
finding Six Amendment patent Court records
violation. Aaron v. State, No. 14-00-01424-CR,
2001 (Tex. App.-Houston 14th Dist.) a retroactive
law amendment on an uncounsel, records,
or brief filing on a Withheld Court Record
late filing appeal (Douglas v. Calif.—US—).
See TRAP, 53 (j)(m) 1994 edition. If a valid
felony status case, then sentence which
distinguishable becomes final judgment
of conviction, without which can not be
final; includes also enhanced prior dated
09-24-76 allegedly LA 04 90000 sentenced
illegally, later reversed around 1989-91
before the Louisiana Supreme Court it became
final, and then declared no longer use

in any cases under State Leg. new laws changes in the 1993 enacted Tex. Penal Code Sec. 12.35 and Sec. 12.42, and 1995 that the function of judiciary suppose to enforce and interpret, under the circumstances would take retro-active constitutionality laws affects bear-ing upon rights to State available Statu-terial remedies full exhaustion review(s) entitled, and on a 1.4-milligram rinsed residue controversial status case at the original stage was tainted false evidence subject to re-open based on recent "New Drug Test Analysis" which would prove "Old Drug Test lab" as scandalous fake scrap discarded results quite similar to State v. Dookhan, lab chemist dry labbing, then listening them as positive for illegal drugs to improve her productivity and burnish her reputation, Suffolk Superior Court, Boston, with also reference shown in Appl. Cause No. 94 00987-F, a paid lawyer ($5,000.00) whose Memo. drafted wrote on front cover to fake pros could not use form may not have ever reached the reviewing Justices, although, copied from previous "never rendered legal service paid ini-tial fee critically affected the outcome.

Wherefore, a Constitutional Justices is entitled.

Sincerely,
Renwie Bazile
RENWIE BAZILE (True Name) / RENWIE AARON (Known Court Name)

(9.)